## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05549-RGK-KS | Date | August 9, 2022 |
|---|---|---|---|
| Title | *Meena Khan v. Wells Fargo Bank, N.A., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Joseph Remigio | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Remanding Action to State Court**

On July 14, 2022, Meena Khan ("Plaintiff") filed a complaint against Wells Fargo Bank, N.A., ("Defendant") alleging state statutory claims based on discrimination in the workplace.

On August 8, 2022, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of showing the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

In her complaint, Plaintiff seeks damages for lost wages, general emotional distress damages, punitive damages, and attorneys' fees. In support of its removal, Defendant states that Plaintiff earned approximately $20,000 per year, and her employment ended on September 9, 2021. (Notice of Removal at 4, ECF No. 1.) Defendant then posits that if the case resolves in August 2023, Plaintiff would likely have a lost earnings claim that exceeds $40,000. (*Id.*) Next, Defendant claims that Plaintiff "could . . . recover front pay which could easily exceed another $40,000." (*Id.*) Thus, Defendant asserts that a reasonable estimate for Plaintiff's lost income damages is at least $80,000. Defendant also argues that Plaintiff's potential emotional distress damages likely exceed the amount-in-controversy requirement on their own.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05549-RGK-KS | Date | August 9, 2022 |
|---|---|---|---|
| Title | *Meena Khan v. Wells Fargo Bank, N.A., et al* | | |

Defendant fails to plausibly allege that the amount in controversy exceeds $75,000. The Court finds that Defendants' calculations arrive at the jurisdictional minimum only if they apply overly speculative assumptions regarding the length of litigation, possible emotional distress damages, and punitive damages. With less than $20,000 as a starting point, and no support regarding emotional distress damages beyond a few samples from other cases, Defendant does not meet the minimum amount in controversy, as future lost wages and punitive damages are speculative.

Defendant also argues that Plaintiff's request for attorneys' fees puts this case over the jurisdictional minimum. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to punitive damages, Defendant has offered no plausible allegation to show that punitive damages would meaningfully contribute to the amount in controversy.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging the minimum amount in controversy. In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 22STCV22752

Initials of Preparer        : 

jre/a